UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEIONTAE WEBB, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:23-cv-00153-JPH-MKK |
| | ) |
| D. EMERSON, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

The petition of Keiontae Webb for a writ of habeas corpus challenges a disciplinary proceeding, STP-22-08-0074, in which he was found guilty of violating prison rules on September 6, 2022, while he was an Indiana Department of Correction (IDOC) inmate. On September 19, 2024, dkt. 15, the Court ordered the parties to show cause why this action should not be dismissed as moot because Mr. Webb was discharged from IDOC custody on December 27, 2023. The respondent responded, urging the Court to dismiss the case as moot because Mr. Webb completed his sentence. Dkt. 19. The petitioner has not responded to the Order to Show Cause. The Order was returned to the Court marked "undeliverable – no longer at Putnamville." Dkt. 20.  Mr. Webb has not reported a change of address.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the

1

outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Although Mr. Webb's release from IDOC custody does not negate the fact that he was "in custody" when he filed his petition, the petition is now moot because he has been released and has not argued that he is suffering any continuing "collateral consequences." *See Spencer v. Kemna*, 523 U.S. 1, 7-14 (1998) (ruling that a petitioner must demonstrate that he suffers continuing collateral consequences after release from prison following parole revocation to satisfy Article III's injury-in-fact requirement).

An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/2/2025

                                      */s/ James Patrick Hanlon*
                                      James Patrick Hanlon
                                      United States District Judge
                                      Southern District of Indiana

Distribution:

KEIONTAE WEBB
283681
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All electronically registered counsel